**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEST RODRIGUEZ,<br><br>    Petitioner,<br><br>  v.<br><br>DAVID ORTIZ,<br><br>    Respondent. | Civil Action No. 20-12352 (KMW)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS,** District Judge:

  This matter comes before the Court on Petitioner West Rodriguez's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition. (ECF No. 6.) Petitioner did not file a reply. By way of background, Petitioner was, at the time he filed his petition, a federal prison serving out his sentence at Fort Dix. (ECF No. 1 at 1-2.) In his petition, Petitioner argued that BOP program statements barring him from receiving certain good time credits because of the nature of his conviction were unconstitutionally ambiguous. (*Id.*) The only relief applicable to such a habeas claim would therefore have been an order providing Petitioner an opportunity to earn additional good time credits to which he would not otherwise have been entitled because of his statute of conviction.[1]

---

[1] In his prayer for relief, Petitioner did request other forms of relief beyond a judgment in his favor – specifically "costs of suit" and "pre and post judgment interest as allowed by law." As monetary relief is not available in a habeas proceeding, *see, e.g., Muhammad v. Close*, 540 U.S. 749, 750-51 (2004), it naturally follows that Plaintiff's requests for interests and costs – which apparently

After briefing of this matter was completed, on October 7, 2022, the Government filed a letter in this matter in which they inform the Court that Petitioner was released from BOP custody in September 2022 as a result of the good time credits he had accumulated. (ECF No. 10.) In support of that letter, the Government provides both a certification from an appropriate official and documentary evidence which clearly indicate that Petitioner was, indeed, release as a result of accumulated good time credits on September 15, 2022. (*See* ECF No. 10-1.) As such, the Government requests that this matter be dismissed as moot. (ECF No. 10 at 1.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009).

In this matter, Petitioner sought to challenge a federal regulation which he believed improperly barred him from earning additional good time credits. As Petitioner has been released due to accumulated good time credits, and Petitioner no longer has a sentence which can be reduced via an opportunity to earn additional credits, an order of this Court granting his petition would be of no benefit to Petitioner. This Court therefore lacks an opportunity to provide Petitioner with any meaningful relief in this habeas matter, and Petitioner's challenge is therefore

---

boils down to the five dollar filing fee – are not cognizable in this habeas matter and are thus of no moment.

moot as there is no redressable, continuing, and concrete injury present in this matter. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50.

Petitioner's habeas petition shall therefore be dismissed. An appropriate order to that effect shall be entered.

                                             Hon. Karen M. Williams,
                                             United States District Judge